## HARLOW versus YOUNG.

By R. S., c. 73, § § 12, 14, selectmen are required to appoint a sealer of weights and measures in their town, and are made liable to a forfeiture of ten dollars for each month's neglect.

It is also provided by c. 6, § 62, that "in no case, shall any officer of any city, town, or plantation, incur any punishment or penalty, or be made to suffer in damages, by reason of his official acts, or neglects, unless the same shall be unreasonable, corrupt or wilfully oppressive."

The latter provision, although found in the chapter "of the regulations of elections," is general in its character, and comprehends all the official acts of such officers.

Where the selectmen omit to perform an official duty, and from the facts presented, their motives in the omission are so explained, as to show that it was neither unreasonable, corrupt, nor wilfully oppressive, no penalty will be incurred.

Thus where the selectmen omitted to appoint a sealer of weights and measures, and it appeared that the inhabitants, by their vote, did not wish any appointed; and the treasurer of the town had never provided any weights and measures for the town; under these facts no penalty is incurred by such omission.

On Facts agreed.

Debt. A *qui tam* action to recover a penalty for neglecting to appoint a sealer of weights and measures.

The defendant was chosen one of the selectmen of Byron at the annual town meeting in March, 1852, and was duly sworn and acted as such for the next seven months.

The defendant and his associates neglected for all that time to appoint a sealer of weights and measures within that town. The selectmen of the previous year had also been guilty of the same omission.

The defendant was never requested or called upon by any person, jointly with his associates, to appoint such sealer; and the town never had any weights or measures provided for them by their treasurer, or in any other way.

The town also at their meeting aforesaid, by a vote, directed the defendant and his associates not to appoint a sealer of weights and measures for said town.

The Court were authorized to draw such inferences as a

jury might from the facts and admissions, and make such disposition of the case, as the law might require.

*Bolster,* for defendant.

We respectfully submit, that the neglect of the selectmen of Byron, to appoint a sealer of weights and measures, cannot, upon the question of fact, be deemed unreasonable. The facts show that the town never had any weights and measures; that there is no public house, tavern or store in said town; that it is a small back town in the county of Oxford, with but few inhabitants, consequently, the appointment would have been, at most, a mere form, no one could have been benefited by the appointment, and no one suffer by the neglect. The facts show clearly, that there was no necessity for the appointment of such officer.

The neglect in the premises, was not corrupt, or wilfully oppressive, as may be fairly inferred from the facts, that the defendant was never requested or called upon, or requested by any person jointly with his associates to appoint a sealer of weights and measures; that he never jointly or severally refused to appoint such officer. R. S., c. 6, § 62.

*Walton,* for plaintiff.

1. The law requiring the selectmen to appoint a sealer of weights and measures is imperative. R. S., c. 73, § § 12, 14. The facts admitted show a violation of the law in this particular.

2. If it be contended, that by force of c. 6, § 62, it is incumbent on the plaintiff to show, that this neglect of defendant was unreasonable, corrupt, or wilfully oppressive, our answer is, that although general in its terms, that section occurs in a chapter "*regulating elections,*" and under the fourth article of said chapter, entitled "*penal provisions and regulations affecting the purity of elections,*" and that section 62 refers to such official acts and neglects as are provided for in said chapter and no others. That such was the intention of the Legislature cannot admit of a doubt.

3. But the facts in this case show this neglect to have

been unreasonable and wilful, if not corrupt. Was it not unreasonable for the defendant to obey the illegal vote of the town of Byron instead of the public laws of the State? Is not a *wilful* violation of law by a sworn officer always *corrupt* and *oppressive*? What can be more corrupt than to thus inculcate, by precept and practice, that our laws may be violated at pleasure, and that the voice of a town is more to be regarded than the voice of the Legislature, and this, too, in violation of a solemn oath? I contend that a *wilful* violation of law is always unreasonable. It cannot be winked out of sight, that there is a growing disregard, on the part of our citizens, (and public officers even,) of law, which is threatening the very foundations of our civil government, and no one thing would do more to strengthen the hands of the lawless, than a decision by the Supreme Court, that a violation of public law, wilfully and knowingly committed, is not unreasonable, and that no penalty is thereby incurred. Such a principle would repeal all law. It would make towns and town officers supreme judges whether any given law was worthy to be obeyed or not.

To obey all laws, while they remain in force is always *reasonable.* Knowingly to disobey them, is always *unreasonable.*

4. Hence I contend we are entitled to recover, if the Court are of opinion, that the neglects referred to in the chapter on elections, § 62, includes the neglects provided for in the chapter on weights and measures.

Howard, J. — It is required by statute, that the selectmen of each town, shall appoint, annually, a sealer of weights and measures, within the same; and that any selectman, who shall neglect the duties of his office, in that respect, shall forfeit ten dollars for each month's neglect. R. S., c. 73, §§ 12, 14. It is admitted that the defendant and his associates, as selectmen of the town of Byron, jointly and severally, neglected to make such appointment, for the period

of seven months; and this suit is instituted for the forfeiture supposed to have been incurred by such neglect.

It is provided by R. S., c. 6, § 62, that "in no case, shall any officer of any city, town or plantation, incur any punishment or penalty, or be made to suffer in damages, by reason of his official acts or neglects, unless the same shall be unreasonable, corrupt, or wilfully oppressive;" provided, that certain specified neglects to prepare, deposit, and post up the list of voters, or to call meetings for elections, or to cause returns of votes to be made as required by the constitution and laws of this State, or to make the records by law required, shall be deemed unreasonable, unless the contrary appear.

As these provisions are in the chapter bearing the title, "of the regulation of elections," and under the fourth article, entitled "penal provisions and regulations, affecting the purity of elections," it is now urged, in argument for the plaintiff, that they are limited to such official acts and neglects as are mentioned in that chapter.

Neither its title, nor the preamble, forms any essential part of an Act of the Legislature. The latter has fallen into disuse with us, and the former can never be regarded as a safe expositor of a law which is plain and positive in its provisions. *Mills* v. *Wilkins*, 6 Mod. 62; *United States* v. *Fisher*, 2 Cranch. 386; 1 Kent, 460.

The R. S., c. 1, § 3, provide that "the titles of the several chapters, and the abstracts of the several sections, are not to be construed as essential parts of the revised code;" and thus furnish a rule of construction, which is applicable to this case, on this point.

The terms of the sixty-second section, before quoted, are general, and apply to all cases, and to all the official acts of every officer of every city, town or plantation, in the State; whether his official duties are connected with elections or otherwise. They are not to be restricted by the title of the Act; and to avoid a forfeiture, they should receive a fair and liberal construction. If standing alone, as a separate enactment, there could be no doubt that they would apply to all

cases of official neglects, by the class of officers mentioned; and as they stand now, upon the statute, unrestricted by the title, and unconnected with other sections, they are to be construed in the same manner, and by the same rules, as if they constituted an independent enactment.

It appears that no treasurer of Byron ever procured, and that the town never had, as standards, the weights and measures required by law. R. S., c. 73, § 8. And it is admitted that the town directed their selectmen not to appoint a sealer of weights and measures. Now, though the neglects of other officers furnish no excuse for the non-performance of his duties by the defendant, and although the vote of the town, directing the neglect of duties required by law was unauthorized, and could constitute no justification for the defendant, yet, these facts tend to explain the motives of the selectmen in neglecting to meet the requirements of the statute, in the matter alleged against them. Until the town standards were procured, the appointment of a sealer of weights and measures would be useless; for he could perform no duties officially. While the treasurer of the town neglected his duties, and while his remissness was overlooked or countenanced by the town, the selectmen might well suppose that their action upon the matter would be fruitless. The facts agreed tend to show, and in our opinion, satisfactorily show, that their acts and neglects in this respect, were neither unreasonable, corrupt, nor wilfully oppressive; and by such acts and neglects, the defendant has not incurred a penalty.

*Plaintiff nonsuit.*

SHEPLEY, C. J., and RICE, HATHAWAY and CUTTING, J. J., concurred.